## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KENDALL WRIGHT** | * | **CIVIL NO.** |
| | * | |
| | * | **SECTION** |
| **VERSUS** | * | |
| | * | **JUDGE** |
| | * | |
| **WAL-MART LOUISIANA, LLC,** | * | **MAGISTRATE JUDGE** |
| **WALMART, INC., WAL-MART** | * | |
| **BUSINESS REAL ESTATE TRUST, and** | * | **A JURY TRIAL IS DEMANDED** |
| **CHARLES DOE** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### NOTICE OF REMOVAL

TO:  The Honorable Judges
of the United States District Court
for the Eastern District of Louisiana

Defendants, Wal-Mart Louisiana, LLC, Walmart, Inc., and Wal-Mart Business Real Estate Trust (collectively, "Walmart"), file this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the Civil District Court for the Parish of Orleans, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

1. On January 18, 2023, Plaintiff Kendall Wright filed this lawsuit against Walmart in the Civil District Court for the Parish of Orleans.  (*See* Plaintiff's Petition for Damages, attached hereto and marked for identification as Exhibit "A").'

2. Walmart was served through its agent for service of process, CT Corporation, with a copy of the Citation and Petition on February 15, 2023. (*See* CT Corporation Service of Process Transmittal Notice and Citation attached hereto *in globo* and marked for identification as Exhibit "B").

3. The suit seeks damages from Walmart for personal injuries and damages allegedly sustained by Plaintiff as a result of the incident that occurred at the Walmart Store located at 4001 Behrman Place, New Orleans, Louisiana, on or about April 16, 2022.

4. Plaintiff's Petition for Damages is silent as to the amount in controversy, except to indicate that Plaintiff's claims exceed $50,000, exclusive of costs and interests. (*See* Exhibit "A" Petition for Damages at ¶ XI).

5. In Paragraph X (ten) of Plaintiff's Petition for Damages, Plaintiff alleges typical non-exclusive elements of damage: injuries to his body and mind, including but without limitation, injuries to his neck, back, shoulders, arms, head, and fingers, together with past and future mental anguish and physical suffering; past and future loss of enjoyment of life; past and future loss of wages; past and future expenses for medical care; and transportation costs for medical care.

6. Plaintiff further named Charles Doe as Defendant, alleging that Doe was the manager tasked with cleaning and/or guarding the hazard and/or instructing other employees to do so. Plaintiff alleges that Doe failed to promptly clean and/or guard the hazard. (See Exhibit "A" Petition for Damages at ¶ VII).

7. Walmart submits that naming Doe as a defendant is an improper effort by Plaintiff to defeat diversity in this case, as Plaintiff failed to allege a cause of action against Doe. Said attempt to destroy diversity is impermissible.

8. Based on information received voluntarily from Plaintiff's counsel, Plaintiff's medical specials total $18,678.40. However, Plaintiff's counsel has indicated that Plaintiff's medical treatment is ongoing.

9. Furthermore, Plaintiff's counsel indicated that Plaintiff was scheduled to receive an ESI on February 16, 2023.  Further, spinal surgery was recommended but no surgery was scheduled.  Neither the ESI nor the potential surgery is included in the medical specials total.

10. With respect to the amount in controversy requirement, Walmart's removal is based on (1) Plaintiff's medical specials totaling $18,678.40; (2) Plaintiff's scheduled ESI; (3) the surgical; and (4) Plaintiff's indication that his treatment is ongoing and that his medical specials will likely increase.

11. Based on the foregoing, Walmart contends that the amount in controversy likely exceeds $75,000, and therefore files this removal.

## I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

12. 28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States."

### A. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

13. The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.,* 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

14. Plaintiff's medical records produced by Plaintiff's counsel indicate that Plaintiff's treatment is ongoing and that Plaintiff has, or will, receive ESIs. Further, Plaintiff will likely undergo surgery.

15. The medical bills provided by Plaintiff's counsel indicate that Plaintiff's medical specials total $18,678.40 and do not include the ongoing treatment, ESIs, or surgery.

16. Further, Plaintiff's Petition for Damages does not offer a binding stipulation that Plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000, as would be required pursuant to *Davis v. State Farm*, No. 06-560, slip op. (E.D. La. June 7, 2006).

17. While Walmart admits no liability, nor any element of damages, Walmart has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000) DOLLARS, exclusive of interest and costs.

B. **COMPLETE DIVERSITY**

18. Defendant, Walmart Inc., is a Delaware corporation with its principal place of business in Bentonville, Arkansas, which is a publicly held company.

19. Wal-Mart Louisiana, LLC, is a Delaware limited liability company. The principal place of business is Bentonville, Arkansas. The sole member of Wal-Mart Louisiana, LLC is Wal-Mart Stores East, LP. Wal-Mart Stores East, LP is a Delaware limited partnership, of which WSE Management, LLC is the sole general partner and WSE Investment, LLC is the sole limited partner. Both WSE Management, LLC and WSE Investment, LLC are Delaware limited liability companies and with principal places of business in Arkansas. The sole member of both WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC. Wal-Mart Stores East, LLC is an

Arkansas limited liability company with its principal place of business in Arkansas. The sole member of Wal-Mart Stores East, LLC is Walmart Inc. Walmart Inc. is a Delaware corporation with its principal place of business in Arkansas which is a publicly held company. No publicly traded entities hold 10% or more of the outstanding shares of Walmart Inc.

20. Wal-Mart Real Estate Business Trust is a business trust organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Arkansas. One-hundred percent (100%) of the voting shares of beneficial interest in Wal-Mart Real Estate Business Trust are controlled by Wal-Mart Property Co., a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Arkansas. All shares of stock in Wal-Mart Property Co. Are owned by Wal-Mart Stores East, LP, a Delaware limited partnership with its principal place of business in Bentonville, Arkansas and which is composed of two partners, namely WSE Management, LLC (GP) and WSE Investment, LLC (LP), both Delaware limited liability companies with their principal place of business in Bentonville, Arkansas, and the sole member of said two limited liability companies is Wal-Mart Stores East, LLC. Wal-Mart Stores East, LLC is an Arkansas limited liability company with its principal place of business in Arkansas. The sole member of Wal-Mart Stores East, LLC is Walmart Inc. Walmart Inc. is a Delaware corporation with its principal place of business in Arkansas which is a publicly held company. No publicly traded entities hold 10% or more of the outstanding shares of Walmart Inc.

21. Defendant "Charles Doe" is a defendant "sued under fictitious names," whose citizenship shall be disregarded under 28 U.S.C. § 1441(b)(1).

22. Plaintiff is a resident of and domiciled in Orleans Parish, State of Louisiana. (*See* Exhibit A, Petition for Damages at First Unnumbered Paragraph).

23. Accordingly, there is complete diversity of citizenship between the plaintiff and each defendant.

24. This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, evidenced by the medical records and bills, exceeds SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000), exclusive of interest and costs, and complete diversity exists between all adverse parties.

## II.   WALMART HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

25. Walmart was served with the Petition through its agent for service of process, CT Corporation Systems, on February 15, 2023.

26. This notice of removal is timely under 28 U.S.C. § 1446(b)(3) because it is being filed within 30 days of the initial pleading setting forth the claim for relief upon which such action is based.

27. Further, this Notice of Removal is timely as it is filed within one year from the filing of the first pleading in state court.

28. Though Plaintiff's Petition for damages is silent as to whether the value of Plaintiff's damages and/or the amount in controversy exceeds $75,000, Plaintiff's medical bills and records and discussions with Plaintiff's counsel indicates that the amount in

controversy here likely exceeds the sum or value of SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000).

29. Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000) DOLLARS, exclusive of interest and costs, and is between citizens of different States.

30. The Civil District Court for the Parish of Orleans, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

31. No previous application has been made by Walmart in this case for the relief requested herein.

32. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, and all attached exhibits, are being served upon counsel for plaintiff, and a copy is being filed with the Civil District Court for the Parish of Orleans, State of Louisiana.

33. Walmart desires and is entitled to a trial by jury of all issues herein.

WHEREFORE, Defendant, Walmart hereby removes this action from the Civil District Court for the Parish of Orleans, State of Louisiana, to the docket of the United States District Court for the Eastern District of Louisiana.

(signatures on next page)

Respectfully submitted,

*s/Isidro René DeRojas*
**ISIDRO RENÉ DEROJAS (#18182)**
**CHRISTOPHER JAMES-LOMAX (#37174)**
**ELISE W. BENEZECH (#39121)**
**McCRANIE, SISTRUNK, ANZELMO,**
**HARDY, McDANIEL & WELCH**
909 Poydras Street, Suite 1000
New Orleans, LA  70112
Telephone:  (504) 831-0946
Facsimile:   (800) 977-8810
E-Mail:  ird@mcsalaw.com
              cjl@mcsalaw.com
              ewb@mcsalaw.com
**ATTORNEYS FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel by operation of the Court's electronic filing system this 9th day of March, 2023.  Notice of this filing will be sent to all counsel of record by e-mail.

*s/Isidro René DeRojas*