UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KENDALL WRIGHT | CIVIL ACTION |
| VERSUS | NO. 23-867 |
| WALMART LOUISIANA, LLC, *et al.* | SECTION M (2) |

### ORDER & REASONS

Before the Court is a motion by plaintiff Kendall Wright to remand this matter to the state court from which it was removed.[1] Defendants Wal-Mart Louisiana, LLC, Walmart, Inc., and Wal-Mart Business Real Estate Trust (collectively, "Walmart") respond in opposition,[2] and Wright replies in further support of his motion.[3] Having considered the parties' memoranda, the record, and the applicable law, this Court issues this Order & Reasons denying Wright's motion to remand.

**I.   BACKGROUND**

This case concerns a slip-and-fall accident.[4] Wright alleges that, on April 16, 2022, he was shopping in a Walmart store located in New Orleans, Louisiana, when he slipped and fell in a puddle of vomit.[5] Wright filed this suit in the Civil District Court, Parish of Orleans, State of Louisiana, against Walmart asserting premises liability claims under La. R.S. 9:2800.6. Wright also named as a defendant "Charles Doe," an unknown Walmart store manager allegedly responsible for cleaning up the mess and guarding the hazard, or directing another employee to do so.[6] Wright alleges that he "sustained injuries to his body and mind, including without limitation,

---

[1] R. Doc. 12.
[2] R. Doc. 15.
[3] R. Doc. 18.
[4] R. Doc. 12-1 at 2.
[5] R. Doc. 1-2 at 2.
[6] *Id.* at 2-3.

injuries to his neck, back, shoulders, arms, head, and fingers."[7]  He also seeks damages for past and future mental anguish, physical suffering, loss of enjoyment of life, loss of wages, medical care, and transportation costs for medical care.[8]  Wright states that his damages exceed $50,000, exclusive of interest and costs.[9]

On March 9, 2023, Walmart removed the case to this Court on the basis of diversity subject-matter jurisdiction under 28 U.S.C. § 1332.[10]  Walmart alleges that the amount in controversy exceeds $75,000 because Wright's medical bills to date total $18,678.40, and will likely increase significantly because he received cervical and lumbar epidural steroid injections in July 2022, his doctors have scheduled another epidural steroid injection and have recommended surgery, and his treatment is ongoing.[11]  Walmart also cites Wright's statement that his damages exceed $50,000, as well as the laundry list of injuries and damages Wright itemizes, as additional evidence that the amount in controversy exceeds the jurisdictional threshold.[12]  Walmart maintains that there is complete diversity of citizenship between the Walmart entities and Wright, positing that the citizenship of "Charles Doe" is irrelevant because he is sued under a fictitious name.[13]

Wright filed the instant motion to remand, arguing that diversity subject-matter jurisdiction is wanting because Walmart failed to prove by a preponderance of the evidence that there is a more than $75,000 in controversy.[14]  He also contends that complete diversity of citizenship is lacking because "Charles Doe" is likely a citizen of Louisiana.[15]  Walmart opposes the motion, arguing,

---

[7] *Id.* at 3.
[8] *Id.*
[9] *Id.*
[10] R. Doc. 1 at 1.
[11] *Id.* at 2-4.
[12] *Id.* at 2-3.
[13] *Id.* at 4-6.
[14] R. Doc. 12-1 at 3-4.
[15] *Id.* at 4.  Wright argues further that Walmart's notice or removal is premature because he has not had the opportunity to discover the identity of "Charles Doe."  *Id.* at 5; *see also* R. Doc. 18 at 1.  Wright filed a motion for expedited discovery seeking to identify "Charles Doe."  R. Doc. 10.  The magistrate judge denied the motion, holding

as it did in its notice of removal, that it has indeed established that the jurisdictional threshold is met and that the citizenship of the fictitious "Charles Doe" should be disregarded.[16]

## II.  LAW & ANALYSIS

A defendant may remove from state court to the proper United States district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  A federal district court has original jurisdiction over civil actions where there is complete diversity among the parties and the amount in controversy exceeds $75,000.  Because federal courts have limited jurisdiction, the removal statute is strictly construed, and any ambiguities are construed against removal and in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  The party seeking removal has the burden of establishing that federal jurisdiction exists and that removal was proper. *Id*.

When a state court petition does not assert the amount of monetary damages, as is the case here, the defendant must prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). This can be accomplished "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth facts in controversy – preferably in the removal petition, but sometimes by affidavit – that supports a finding of the requisite amount.'" *Id*. (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).

Walmart has proved by a preponderance of the evidence that the jurisdictional threshold is met by setting forth facts in the removal petition that support a finding that there is more than

---

that expedited discovery is unnecessary because Wright can seek leave to amend the complaint to add any non-diverse defendants if such a claim is suggested by later discovery. R. Doc. 14 at 4.

[16] R. Doc. 15 at 1-6.  Alternatively, Walmart argues that Wright cannot state a claim against "Charles Doe" because he is improperly joined. *Id.* at 6-10.  Wright's reply is largely directed against this argument. R. Doc. 18. Because the Court holds that the citizenship of "Charles Doe" is irrelevant for purposes of the jurisdictional analysis at this juncture, it need not address Walmart's alternative argument or Wright's response to it.

$75,000 in controversy. Walmart has shown that Wright's medical bills already exceed $18,000 and his treatment, which includes a recommendation for an additional epidural steroid injection and surgery, is ongoing and its cost will increase. Walmart also points out that Wright admits his damages exceed $50,000, and in addition to medical expenses, he seeks many items of general damages, including past and future lost wages, lost enjoyment of life, mental anguish, and physical suffering. Thus, Walmart has proved by a preponderance of the evidence that there is at least $75,000 in controversy.

Moreover, there is complete diversity of citizenship. Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of a defendant sued under a fictitious name is disregarded in determining whether an action is removable under § 1332(a). Thus, the "likely" citizenship of "Charles Doe" is irrelevant.

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Wright's motion to remand (R. Doc. 12) is DENIED.

New Orleans, Louisiana, this 2nd day of May, 2023.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE